United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISKADEE COMMUNICATIONS (BERMUDA), LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP R. FATHER and<br>EUGENE CACCIAMANI,<br><br>Defendants.<br>_____ / | No. C 10-05277 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR TO CERTIFY APPEAL** |

On March 22, defendants' motion to stay the action pending arbitration was granted (Dkt. No. 28). Plaintiff now moves for either (1) leave to submit a motion for reconsideration of the March 22 order, or (2) certification of the March 22 order for discretionary appeal (Dkt. No. 30). Plaintiff's motion is **DENIED**.

A party may request leave to file a motion for reconsideration of an interlocutory order on account of "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. Loc. Rule 7-9(b)(3).

Plaintiff requests leave to file a motion for reconsideration on the basis that the March 22 order "did not address whether Defendants *individually* waived their right to stay this action pending arbitration" (Dkt. No. 30 at 3). Plaintiff's motion now develops an argument why defendants may have individually waived their rights to arbitration, but that argument was not

"presented to the Court" before the March 22 order issued. No individual waiver argument was presented in plaintiff's opposition brief. The only waiver argument plaintiff made in its brief was that *the corporate entity ProtoStar* waived the arbitration clause and that defendants should be bound by ProtoStar's supposed waiver.

That argument was considered and rejected in the March 22 order (Dkt. No. 28 at 8). At the March 17 hearing, plaintiff recited the facts underlying its new individual waiver argument, but it did so in the context of a discussion regarding plaintiff's corporate-waiver theory (Dkt. No. 31-1 at 10). To the extent those statements were intended to raise a separate theory of individual waiver that was different from the corporate waiver theory in plaintiff's brief, the new theory was untimely and improper.

Plaintiff did not make a timely individual-waiver argument in its briefing or at the hearing on the motion to stay. Accordingly, the order on that motion did not improperly overlook the issue of individual waiver. Plaintiff's untimely attempt to concoct an individual waiver argument is not grounds for reconsideration. Plaintiff's motion for leave to file a motion for reconsideration of the March 22 order is **DENIED**.

Plaintiff admits that an order staying a case pending arbitration is not an appealable order "[e]xcept as otherwise provided in section 1292(b) of title 28." 9 U.S.C. 16(b). Section 1292(b), in turn, provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, *he shall so state in writing in such order*.

(emphasis added). The undersigned judge did *not* state in the March 22 order that there was a substantial ground for difference of opinion or that an immediate appeal could materially advance the ultimate termination of the litigation. The absence of those statements from the order reflects the fact that the undersigned judge is *not* of the opinion that such is the case.

Plaintiff argues that substantial ground for difference of opinion exists as to whether a non-signatory agent who is sued alone may enforce an arbitration agreement that was signed by

2

the agent's principal. Plaintiff focuses on differences between the guidance of a Ninth Circuit decision and a decision from the Northern District of California. As plaintiff notes, however, these two decisions address different factual circumstances, and the Ninth Circuit "has not addressed the circumstances presented in this matter." The two decisions are not "inconsistent," as plaintiff claims (Dkt. No. 30 at 8–9). The district court decision interpreted and applied the Ninth Circuit decision in an action where, as here, non-signatories sought to compel arbitration based on their status as agents of signatory principals. The March 22 order considered both decisions and applied the law that most closely matched the situation at hand (Dkt. No. 28 at 7). The fact that the Ninth Circuit has not issued a decision directly on point is not grounds for certifying a discretionary interlocutory appeal. Plaintiff's motion for certification of the March 22 order for discretionary appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3