Glenn B. Manishin (SBN 104001)
**DUANE MORRIS LLP**
505 9th Street, N.W., Suite 1000
Washington, DC 20004
Telephone: 202.776.7813
Facsimile: 202.776.7801
E-mail: gbmanishin@duanemorris.com

Eric J. Sinrod (SBN 122868)
Michael J. Dickman (SBN 227096)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001
E-mail: ejsinrod@duanemorris.com
mjdickman@duanemorris.com

Attorneys for Plaintiff
KISKADEE COMMUNICATIONS (BERMUDA),
LTD.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KISKADEE COMMUNICATIONS (BERMUDA), LTD., <br><br> Plaintiff, <br><br> v. <br><br> PHILIP R. FATHER and EUGENE CACCIAMANI, individuals, <br><br> Defendants. | Case No.:10-cv-5277-WHA <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE STAY** <br><br> Date: October 27, 2011 <br> Time: 8:00 am <br> Place: Courtroom 8, 19th Floor <br><br> [Complaint Filed Nov. 19, 2010] |

Plaintiff Kiskadee Communications (Bermuda), Ltd. ("Kiskadee"), by its attorneys,

respectfully submits this Memorandum of Points and Authorities in opposition to the motion of

Defendants (Doc. 33) for an Order enforcing the Court's March 22, 2011 stay (the "Motion" or

"Mot.") by ordering Kiskadee to withdraw a third-party document subpoena issued in the Eastern

-1-

District of Virginia in support of the pending Bermuda-based arbitration directed by the Court.

## I.   INTRODUCTION

Defendants present their motion as a routine matter, yet it is anything but that.

Defendants fail to inform the Court that document discovery from third parties to commercial arbitrations is permitted under the arbitration clause (and Bermuda law) and by the procedural rules governing this arbitration. Moreover, the Motion does not even recognize that Kiskadee provided express advance notice to the arbitral panel and to Defendants' counsel, weeks before issuing a single document subpoena to one highly material third party — a former Board member of Defendants' company and also a shareholder of Kiskadee.[1] *Third,* Defendants completely fail to grapple with the *sui generis* nature of this proceeding, in which some nation's domestic law must govern the process for third-party subpoenas in connection with the arbitration but where Bermuda procedural law is, unfortunately, fundamentally and irreconcilably contradicted by the Court's March 22, 2011 stay order.[2] *Finally,* Defendants pretend that Kiskadee's counsel have been unresponsive, falsely assert that "Kiskadee has refused to withdraw its [purportedly] invalid subpoena," Motion at 4, and improperly ask that counsel for Kiskadee be held in contempt (*id.* at 1, 5) as well as be assessed legal fees as a sanction.

Under federal law in the United States, it is clear that "parties to a[n] arbitration . . . may use subpoenas to obtain information from third parties." *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 666 (7th Cir. 2009). *Infra* at pp. 4-5. Conversely, a federal court litigant lacks constitutional standing to challenge a subpoena directed to a third-party, absent a claim (entirely inapplicable here) of privilege. *E.g., Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975); *infra* at p. 6. The Motion and accompanying request for a finding of contempt and sanctions

---

[1]     It is illuminating and material that Defendants never contest, even by implication, the relevance of the documents sought by Kiskadee from this third-party witness. Defendants also persist in calling the subpoena a "deposition" subpoena (Mot. at 1), when in fact the subpoena demands only documents in accordance with Rules 45(a)(1)(C) and (c)(2)(A). Kiskadee strongly disagrees with the arbitral panel's decision to disallow any depositions (*see* Decl. of Charles Donovan, Exh. A), but has neither sought reversal of nor violated that limitation. Declaration of Glenn B. Manishin at ¶ 10.

[2]     Declaration of Jan W. Woloniecki, at ¶¶ 3-6.

1   should therefore both be denied.

2   **II.   ARGUMENT**

3           This dispute and Motion could have been avoided had Defendants been forthcoming with

4   either Kiskadee or this Court. Kiskadee recognized that Defendants would, as they grudgingly

5   acknowledge, oppose any efforts to obtain information from relevant third parties (Mot. at 3 & n.2),

6   and that Defendants viewed the Eastern District of Virginia subpoena as "invalid." Donovan Decl.

7   at  ¶ 7 and Exh. G.  Under the Federal Rules of Civil Procedure, an invalid third-party subpoena can

8   be quashed on motion to (or by protective order from) the issuing court or simply ignored, upon

9   written objection, by the third-party without penalty.  Fed. R. Civ. P. 45(c)(2)(B), (c)(3), (e).

10  Counsel for Defendants did not request that the subpoena be withdrawn and Kiskadee readily agreed

11  to extend the return date to accommodate their pending motion to this Court.[3]  Conversely, Defend-

12  ants did not ask that the arbitral panel order Kiskadee to refrain from U.S. compulsory process for

13  document discovery, provided none of the requisite Rule 11 notice (or draft pleading) for their

14  requested sanctions and "finding" of contempt (Mot. at 5), rejected an express invitation to meet-

15  and-confer by phone to address their concerns before the Motion was filed, and indeed have declined

16  tactically to seek any ruling whatever from the arbitration panel.[4]

17          In this context, two things are plain: (1) arbitration discovery from third parties is permissible

18  under U.S. law, but Bermudian law does not recognize arbitrations involving a non-party to the

19  arbitration agreement, rejecting the agency theory on which this Court's March 2011 decision to stay

20  judicial proceedings in favor of arbitration was based;[5] and (2) Defendants' present Motion is

21  (a) unnecessary because, if the subpoena is invalid, an objection by the recipient (Mr. John Higgin-

22  botham) is alone sufficient to protect his interests, Fed. R. Civ. P. 45, and (b) improper because a

23  party in federal court lacks standing to challenge subpoenas directed to third-parties without some

24  claim of privilege. As to the first point, Kiskadee could not procure an arbitration subpoena from the

25  _____

26  [3]        Manishin Decl. at ¶¶ 12-13.

27  [4]        *Id.* at ¶¶ 13-14.

28  [5]        Woloniecki Decl., at ¶¶ 3-5.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE STAY          CASE NO. 10-cv-5277 -WHA

1   Bermuda courts and enforce such a subpoena in the United States under the "letters rogatory"

2   procedure of 28 U.S.C. §§ 1696 and 1782 because Bermuda law does not recognize arbitrations like

3   this one involving non-signatories.[6]  Therefore, the choice of U.S. procedural law, utilized by

4   Kiskadee on advice of Bermuda counsel,[7] is the only available method for securing the information

5   which Kiskadee is plainly entitled to pursue.  As to the second point, no court proceedings anywhere

6   would have been required or are appropriate under Article III unless and until Kiskadee seeks to

7   compel compliance with the Eastern District of Virginia subpoena.

8        The incorrect premise of the Motion is that Kiskadee violated the Court's stay order by

9   engaging in civil discovery. Motion at 1. That is what all the cited cases address, namely whether

10  after being ordered to take a civil case to arbitration a party to a federal action can nonetheless

11  proceed as if all of the pretrial discovery vehicles made available under the Federal Rules of Civil

12  Procedure may still be utilized to prepare for a court trial. Yet none of those cases addresses the

13  issue presented here  — whether the discovery mechanisms of the Federal Rules remain available for

14  an arbitration, directed by a United States district court, in which third-party discovery is permitted

15  but in which the law of the "seat" of the arbitration (Bermuda) does not recognize the arbitration

16  proceeding and thus cannot provide a procedural mechanism for compulsory process.

17       Kiskadee brings the following points to the Court's attention:

18       1.       Bermuda law and the procedural rules agreed to by the arbitration parties allow for

19  document discovery from third-party witnesses in this international arbitration. Woloniecki Decl., at

20  ¶ 4; Bermuda International Conciliation and Arbitration Act 1993, § 35(3) ("Any party to an

21

22  ---

[6]      Defendants' argument that these provisions "do[] no help Kiskadee" (Mot. at 2 n.1) is
23  misplaced because the international letters rogatory procedure would be triggered first by a subpoena
    issued by a Bermudian court under the 1993 Bermuda Arbitration Act.  *Id.* at 2.  Kiskadee informed
24  the arbitral panel that it "is not bound by Articles 35(3) and 35(5) of the 1993 [Bermuda] Act and
    intends to utilize the subpoena power of the U.S. federal courts, *rather than Bermuda subpoenas*
25  *enforced in the United States* under 28 U.S.C. §§ 1696, 1782, to pursue relevant evidence from third-
    parties in connection with this proceeding."  Woloniecki Decl., at ¶ 5 and Exh. 4 at p. 2 (emphasis
26  supplied). Defendants' position that even a Bermuda subpoena would still be unenforceable in the
    United States (Mot. at  2 n.1) reveals that their true objective is to prevent any third-party discovery
27  or testimony whatever, as all but one of ProtoStar's former officers and directors are in the United
    States and refuse to allow Kiskadee access to any information or documents.

[7]      Woloniecki Decl., at ¶ 6.
28

1   arbitration under an arbitration agreement may sue out a writ of *subpoena ad testificandum* or a writ

2   of *subpoena duces tecum…*").[8]

3          2.      The present case is "a *sui generis* proceeding" that is "unprecedented as a matter of

4   Bermuda law," Woloniecki Decl., at ¶ 3, in which compulsory process from the Bermuda courts is

5   not available. *Id.*

6          3.      The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA")*,* does not explicitly

7   disallow use of Rule 45 subpoenas in support of an arbitration compelled by a district court.  *E.g.,*

8   *Shearson American Express v. McMahon,* 482 U.S. 220, 259 n.18 (1987).  Indeed, decisions under

9   the FAA make clear that "parties to a[n] arbitration . . . may use subpoenas to obtain information

10  from third parties." *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 666 (7th Cir. 2009)

11  (affirming enforcement of arbitration-related third-party document subpoena by issuing district

12  court). There is a split among the circuits, which the Ninth Circuit appears not yet to have addressed,

13  whether the authority for testimonial subpoenas set forth in the FAA, 9 U.S.C. § 7,  implicitly limits

14  documentary subpoena power only to testifying witnesses (whether or not third parties).[9]  That split

15  is not germane to the present motion, however, as Defendants ask this Court to rule that no use of

16  federal subpoenas for *any* purpose is permissible while an arbitration is pending.

17         4.      Issuance of a document subpoena is necessary because all of the Board members and

18  other non-party witnesses formerly with ProtoStar Ltd. have refused even to speak with counsel for

19  Kiskadee (a process again expressly contemplated by the rules applicable to this arbitration),[10] let

20  [8]      *Accord,* International Bar Association Rules On the Taking of Evidence In International
    Arbitration, 29 May 2010, Art. 3(9) ("IBA Rules").

21
    [9]      *Compare, e.g., Life Receivables Trust v. Syndicate 102 at Lloyd's of London,* 549 F.3d 210
22  (2d Cir. 2008) (no document subpoenas permitted), *with Sec. Life Ins. Co. of Am. v. Duncanson &
    Holt (In Re Sec. Life Ins. Co. of Am.),* 228 F.3d 865, 870-71 (8th Cir. 2000) (holding that implicit in
23  the power "to subpoena relevant documents for production at a hearing is the power to order the
    production of relevant documents for review by a party prior to the [arbitration] hearing"), and *Am.
24  Federation of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Comms. of Detroit,
    Inc.),* 164 F.3d 1004, 1007 (6th Cir. 1999) (authorizing subpoenas to a non-party for pre-hearing
25  arbitration documents).  The 4th Circuit allows document subpoenas pursuant to the FAA upon a
    showing of "special need or hardship." *COMSAT Corp. v. NSF,* 190 F.3d 269 (4th Cir 1999).  *See
26  also Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325 (7th Cir.
    2003) (federal common law provides cause of action to enforce arbitration subpoena directed to non-
27  party).

28  [10]     IBA Rules, Art. 4(3).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE STAY          CASE NO. 10-cv-5277 -WHA

1    alone voluntarily cooperate by providing relevant documents. Woloniecki Decl., at ¶ 6; Manishin

2    Decl., at ¶ 6.

3         5.    Had this Court in March 2011 compelled the parties to arbitrate — the functional

4    equivalent of a stay pending arbitration and relief equally authorized by the FAA — there would be

5    no conceivable question whether Kiskadee has violated the Court's Order by issuing a document

6    subpoena to a United States citizen, as authorized by the applicable arbitration rules, using the

7    federal courts' subpoena powers.

8         6.    Because Kiskadee has not sought enforcement of the Eastern District of Virginia

9    subpoena, the Motion as presented to this Court is not yet ripe, meaning that the Court may not rule

10   on the matter consistent with the "case or controversy" subject matter jurisdiction limitation of

11   Article III. *Cf. Williamson County Regional Planning v. Hamilton Bank*, 105 S.Ct. 3108, 3119-22

12   (1985). Additionally, it is black-letter law that "[i]n the absence of a claim of privilege a party

13   usually does not have standing to object to a subpoena directed to a non-party." *Langford v. Chrysler*

14   *Motors Corp.*, 513 F. 2d 1121, 1126 (2d Cir. 1975); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp.

15   2d 965, 973-74 (C.D. Cal. 2010) ("Ordinarily, a party has no standing to seek to quash a subpoena

16   issued to someone who is not a party to the action, unless the objecting party claims some personal

17   right or privilege with regard to the documents sought."), quoting 9A C. Wright & A. Miller,

18   FEDERAL PRACTICE & PROCEDURE § 2459 (3d ed. 2008). Because the target of the subpoena (Mr.

19   Higginbotham) must move under Rule 45, if at all, in the Eastern District of Virginia, allowing

20   Defendants to evade this constitutional standing limitation by talismanic invocation of the Court's

21   March 2011 arbitration stay would be improper.[11]

22        7.    As set forth in the separate opposition to Defendants' motion for sanctions,

23   Kiskadee's actions have not prejudiced any party or non-party, have imposed no costs or burdens on

24   anyone, and no Motion was required in this Court. The conduct of Kiskadee's U.S. counsel in

25

---

26   [11]    A request by Kiskadee to this Court for leave to serve subpoenas would present a consti-
     tutionally valid case or controversy, but there is no requirement for such an application under the
27   FAA. That alternative is one option for resolving this dispute that Kiskadee's United States counsel
     would have presented to Defendants had their lawyers endeavored to meet-and-confer before filing
28   the present motion and the companion request for sanctions and a finding of contempt.

---

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE STAY      CASE NO. 10-cv-5277 -WHA

serving a single third-party subpoena, in reliance on advice of Bermudian counsel, was in good faith and clearly neither "multipl[icitous]" nor "vexatious," the necessary (bot not sufficient) predicates to sanctions on a lawyer pursuant to 28 U.S.C. § 1927.  Defendants, coordinating with their former colleagues, are forum-shopping to litigate the validity of the document subpoena in San Francisco instead of Virginia.  Kiskadee agreed to this consensually by extending the return date for the subpoena, which demonstrates that even if this Court concludes that Rule 45 subpoenas may not be utilized to secure documents for the arbitration, no sanctions or finding or contempt are warranted.

7.    The Court's March 22, 2011 Order allowed Kiskadee to return for further relief should Defendants not cooperate with or otherwise disrupt speedy arbitration of this dispute.  The present motion illustrates that, if Defendants' continue to behave obstreperously, such relief may be required.  Kiskadee is not asking for any such action as of now but reserves its right to revisit the issue with this Court should Defendants' untoward conduct continue.

**III.    CONCLUSION**

In accordance with the foregoing, the Defendants' Motion lacks merit and should be denied.

Respectfully submitted,

Dated: October 6, 2011                **DUANE MORRIS LLP**

By:        /s/ Glenn B. Manishin
                Glenn B. Manishin
                Eric J. Sinrod
                Michael J. Dickman

                Attorneys for Plaintiff
                KISKADEE COMMUNICATIONS (BERMUDA)
                LTD.