1 | Glenn B. Manishin (SBN 104001)
**DUANE MORRIS LLP**
2 | 505 9th Street, N.W., Suite 1000
Washington, DC 20004
3 | Telephone: 202.776.7813
Facsimile: 202.776.7801
4 | E-mail: gbmanishin@duanemorris.com

5 | Eric J. Sinrod (SBN 122868)
Michael J. Dickman (SBN 227096)
6 | **DUANE MORRIS LLP**
Spear Tower
7 | One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
8 | Telephone: 415.957.3000
Facsimile: 415.957.3001
9 | E-mail: ejsinrod@duanemorris.com
mjdickman@duanemorris.com

Attorneys for Plaintiff
KISKADEE COMMUNICATIONS (BERMUDA), LTD.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KISKADEE COMMUNICATIONS (BERMUDA), LTD., | Case No.:10-cv-5277-WHA |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** |
| v. | |
| PHILIP R. FATHER and EUGENE CACCIAMANI, individuals, | Date: October 27, 2011<br>Time: 8:00 am<br>Place: Courtroom 8, 19th Floor |
| Defendants. | [Complaint Filed Nov. 19, 2010] |

Plaintiff Kiskadee Communications (Bermuda), Ltd. ("Kiskadee"), by its attorneys, respectfully submits this Memorandum of Points and Authorities in opposition to the motion of Defendants (Doc. 35) for an Order awarding sanctions and a finding of contempt (the "Motion" or "Mot.").

-1-

## I. ARGUMENT

Defendants' blunderbuss and heavy-handed motion for sanctions is both substantively meritless and procedurally improper.

### A. The Motion Is Substantively Baseless

Defendants Father and Cacciamani expressly rely on "28 U.S.C. § 1927 and Civ. L.R. 7-8" as the grounds for their motion. Notice of Motion at 1. Local Rule 7-8 specifies only that a motion for sanctions must be presented separately from any other motion and provides no substantive authority to assess sanctions on a party or its attorneys.[1] Section 1927 authorizes a federal court to impose sanctions personally on a lawyer or lawyers who "so multiplies the proceedings in any case unreasonably and vexatiously…."[2] Defendants do not even purport to make a showing that Kiskadee's United States lawyers have engaged in "vexatious" or "unreasonable" conduct, let alone demonstrate the predicate of "multiply[ing]" the proceedings. The Ninth Circuit has also ruled that a party seeking section 1927 sanctions must make a showing of bad faith. *B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1107-08 (9th Cir. 2002),[3] an element which Defendants again fail even to recite in conclusory terms. As this Court has made clear that arguments not presented in a motion are waived, and cannot be resuscitated on reply (Dkt. 32, at p. 2), Defendants have not met the minimum substantive requirements for an award of sanctions under their claimed grounds.

---

[1] Defendants would have violated this Local Rule had counsel for Kiskadee not specifically pointed it out in response to their initial threat to seek sanctions. Declaration of Glenn B. Manishin, at ¶ 12.

[2] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. 1927. This statute does not allow for the imposition of sanctions on a party, *Sneller v. City of Bainbridge Island,* 606 F. 3d 636, 638 (9th Cir. 2010), so Defendants' request that the Court impose sanctions on "Kiskadee and is counsel, jointly and severally," Proposed Order at 1, is invalid for yet another reason.

[3] "[A] an award of attorney's fees under Sec. 1927 requires a finding of subjective bad faith." *Boston Safe Deposit & Trust Co. v. Operadora Dulcinea,* 73 F.3d 368 (9th Cir. 1995), citing *MGIC Indem. Corp. v. McKenna, Conner & Cuneo,* 952 F.2d 1120, 1122 (9th Cir.1991). *Accord, T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Assoc.,* 809 F.2d 626, 638 (9th Cir.1987) (declining to impose sanctions under 28 U.S.C. § 1927 because, even though the substance of an appeal was wholly without merit, there was no evidence of bad faith). Bad faith exists when an attorney acts with "knowing recklessness" or argues a nonmeritorious claim for the purpose of "harassing" the opposition." *Gomez v. Vernon,* 255 F.3d 1118, 1134 (9th Cir. 2001).

Furthermore, Section 1927 authorizes an award of "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The conduct of Kiskadee's attorneys has imposed no costs or fees on any party. Defendants' position is, as they assert, that the Eastern District of Virginia document subpoena issued under Fed. R. Civ. P. 45 is "invalid." An invalid third-party subpoena can be quashed on motion to (or by protective order from) the issuing court or simply ignored, upon written objection, by the third-party without penalty. Fed. R. Civ. P. 45(c)(2)(B), (c)(3), (e). Accordingly, it is Defendants who have imposed costs on Kiskadee by making a motion that is plainly unnecessary and regarding a third-party subpoena as to which Defendants, as party litigants, lack constitutional Article III standing to challenge.[4]

As a signed document in a federal civil case, a third-party subpoena is a "pleading, written motion, or other paper" for purposes of Rule 11. Therefore, to be sanctionable, issuance of a third-party subpoena must be not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Since there is existing law to the effect that "parties to a[n] arbitration . . . may use subpoenas to obtain information from third parties," *Gotham Holdings, LP v. Health Grades, Inc.,* 580 F.3d 664, 666 (7th Cir. 2009) (affirming enforcement of arbitration-related third-party document subpoena by issuing district court), Kiskadee's Duane Morris lawyers have fully met that standard.[5] Additionally, and critically, Kiskadee first sought and obtained advice of Bermuda counsel — made available to the arbitral panel and Defendants weeks before moving to issue a single third-party subpoena — that the present case is "a *sui generis* proceeding" that is "unprecedented as a matter of Bermuda law," in which compulsory process for arbitration evidence from the Bermuda courts is not available.[6] There-

---

[4] Plaintiff's Opposition to Defendants' Motion to Enforce Stay, at 6 ("Enforcement Opp."). "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party." *Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir. 1975). *See Crispin v. Christian Audigier, Inc.,* 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) ("Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."), quoting 9A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 2459 (3d ed. 2008). Defendants make no claim of privilege.

[5] Enforcement Opp. at 5.

[6] Declaration of Jan W. Woloniecki, at ¶ 3.

fore, because third-party document discovery is permitted by the governing arbitration rules and "the only other applicable source of procedural law for obtaining permissible document discovery in support of the arbitration is under US law," (Woloniecki Decl., at ¶ 8), Kiskadee's actions are at the very least premised on a good faith argument for "extending" existing law or "establishing new law" for purposes of Rule 11.

Even if they could satisfy the predicates for Section 1927 sanctions, Defendants lack the legal basis to obtain such relief.[7] That statute is not a catch-all vehicle for sanctions that fall outside recognized penalties available under the Federal Rules of Civil Procedure. *E.g., Amlong & Amlong, P.A. v. Denny's, Inc.,* 457 F.3d 1180 (11th Cir. 2006). When an attorney's conduct is challenged as sanctionable based on a single pleading or other paper in civil litigation, Rule 11 provides the substantive grounds for sanctions. Especially in the absence as here of "multiple" instance of misconduct, Section 1927 cannot be used to end-run the clear standards of Rule 11.

### B. The Motion Is Procedurally Defective

The process for all sanctions requests, whether for discovery[8] under Rule 37 or general litigation papers under Rule 11, requires that a party seeking sanctions first endeavor to avoid burdening the Court by attempting to resolve the dispute consensually. Kiskadee offered to do so, but counsel for Defendants declined. Manishin Decl., at ¶ 14. Indeed, after agreeing to extend the return date of the subpoena to permit the filing of the Motion to Enforce Stay, Kiskadee's counsel were met with silence in response to their request that "if that . . . is insufficient, please telephone" to discuss. *Id.* at ¶ 12, Exh. 5.

Although Kiskadee explicitly cited Rule 11 to Defendants' counsel, no effort was made to resolve this dispute, for which alternatives to a contested Court proceeding are readily available.

---

[7] Defendants argue that no prior notice of the subpoena was served, Motion at 1, but their counsel had actual notice of the subpoena before service by consent (Fed. R. Civ. P. 45(c)(1)) was effectuated on counsel for the third-party. Manishin Decl., at ¶ 9. Any inadvertent failure to comply with Fed. R. Civ. P. 45(b)(1) was therefore harmless error.

[8] Having obtained prior advice of Bermuda counsel and having agreed to move forward with the motion to enforce this Court's stay in the ordinary course by extending the subpoena's return date, Kiskadee's actions are "substantially justified" for purposes of Rule 37 discovery sanctions. Manishin Decl., at ¶ 15. Defendants' present sanctions motion, however, does not rely on Fed. R. Civ. P. 37.

Enforcement Opp. at 6 & n.11. Kiskadee was not asked to withdraw the subpoena; Defendants' repeated statements that Kiskadee has "refused" to withdraw its "invalid subpoena" (Motion for Sanctions, at 1; Motion to Enforce Stay, at 4) are false. Manishin Decl., at ¶ 13. Counsel for Defendants did not serve a copy of their draft motion for sanctions before filing and did not observe the 21-day "safe harbor" waiting period mandated by Rule 11. Manishin Decl., at ¶ 13. Those procedures are required so that, as here, a lawyer threatened with sanctions for allegedly making a "frivolous" filing or acting for an "improper purpose," Fed. R. Civ. P. 11(b), can reassess the matter and withdraw the disputed papers without involving the district court. "Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion." *Sneller v. City of Bainbridge Island,* 606 F. 3d 636, 638 (9th Cir. 2010). By racing prematurely to the courthouse, Defendants' have deprived Kiskadee's U.S. lawyers of this basic procedural option and have unnecessarily burdened this Court with a matter that could have been resolved.[9]

### C. The Request For a Finding of Contempt Is Improper

Both motions by Defendants explicitly urge this Court to make a "finding" of contempt against Kiskadee. Mot. at 2; Defendants' Motion to Enforce Stay at 5. This is hardly a serious suggestion, as the law on civil contempt is well-settled. Defendants' do not even make an effort to explain why contempt is warranted, authorized or a deserved penalty in the circumstances of this case. Kiskadee has agreed to forbear from enforcing the third-party subpoena pending the Court's decision on Defendants' motions, so a coercive sanction of civil contempt would do nothing to force Kiskadee to comply with the Court's orders, as it is not presently in violation of anything. Fed. R. Civ. Proc. 37(b). There is obviously no basis whatever for a finding of criminal contempt. The Court should, therefore, disregard the request for a finding of contempt and, we suggest respectfully, admonish counsel for Defendants.

///

///

---

[9] Enforcement Opp. at 6 & n. 11.

## II. CONCLUSION

In sum, Defendants' request for sanctions is procedurally and substantively without merit, and Defendants' should withdraw their baseless request. The Court should deny the Motion.

Respectfully submitted,

Dated: October 6, 2011

**DUANE MORRIS LLP**

By:     /s/ Glenn B. Manishin
        Glenn B. Manishin
        Eric J. Sinrod
        Michael J. Dickman

Attorneys for Plaintiff
KISKADEE COMMUNICATIONS (BERMUDA) LTD.