IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISKADEE COMMUNICATIONS (BERMUDA), LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>PHILIP R. FATHER and<br>EUGENE CACCIAMANI,<br><br>    Defendants.<br>_____ / | No. C 10-05277 WHA<br><br>**ORDER GRANTING MOTION TO ENFORCE STAY ORDER, DENYING MOTION FOR SANCTIONS, VACATING HEARING, AND POSTPONING CASE MANAGEMENT CONFERENCE** |

## INTRODUCTION

In this stayed action, plaintiff has issued a discovery subpoena. Defendants move to enforce the stay order by compelling withdrawal of the subpoena. Defendants also request sanctions. For the reasons stated below, defendants' motion to enforce the stay order is **GRANTED**, and their motion for sanctions is **DENIED**.

## STATEMENT

In March 2011, this action was stayed pending arbitration. The stay order stated: "Pending arbitration, the proceedings herein are **STAYED**." (Dkt. No. 28 at 9). A ten-day arbitration hearing is set to be held in Bermuda — the location of the transactions underlying the parties' dispute — beginning on December 5, 2011 (Donovan Exh. A).

On September 15, 2011, plaintiff issued a subpoena for production of documents to third-party John B. Higginbotham. The subpoena was issued from the United States District

1  Court for the Eastern District of Virginia. It purported to be issued pursuant to FRCP 45 *in the*
2  *instant action* (Donnovan Exh. D).

3  Defendants assert that plaintiff's issuance of the subpoena violated the order staying this
4  action. Defendants move to enforce the stay order and request sanctions for its violation.
5  Plaintiff opposes. This order follows full briefing on both motions.

**ANALYSIS**

**1. MOTION TO ENFORCE STAY ORDER.**

The March 2011 order stayed all proceedings in this district court action, including discovery. Because the subpoena was issued *in this stayed action*, it was improper.

Plaintiff argues that "Bermuda law and the procedural rules agreed to by the arbitration parties allow for document discovery from third-party witnesses in this international arbitration" (Opp. 4). The subpoena, however, was not issued pursuant to Bermuda law or the arbitration rules. It was issued pursuant to the Federal Rules of Civil Procedure *in this United States district court action*. As such, it was improper. This order need not determine whether other modes of obtaining third-party discovery pursuant to Bermuda law or the arbitration rules would have been proper.

Plaintiff stresses that the Federal Arbitration Act does not explicitly disallow the use of subpoenas in support of an arbitration compelled by a district court (Opp. 5). On this point the only binding authority plaintiff cites is one footnote in a Supreme Court decision. It stated that the arbitration laws "provide for limited discovery" and "the ability to subpoena witnesses," but that "by arbitrating their disputes, investors lose the wide choice of venue and the extensive discovery provided by the courts." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 259 n.18 (1987). True, subpoenas may be used in arbitration, but they must be procedurally proper. The subpoena at hand was not.

Plaintiff also argues that defendants lack standing to challenge the subpoena, because it burdens only its third-party target, who has not yet challenged it in the Eastern District of Virginia (Opp. 6). Defendants, however, are challenging plaintiff's issuance of the subpoena in violation of the stay order, not the terms of the subpoena itself. As a remedy, defendants seek an order

2

requiring plaintiff to withdraw the subpoena, not an order quashing the subpoena. Plaintiff has not shown that this court lacks jurisdiction to enforce its own stay order in this manner.

Defendants' motion to enforce the stay order is **GRANTED**. Plaintiff shall withdraw its improper subpoena by **NOVEMBER 1, 2011**. If plaintiff seeks third-party discovery as part of the arbitration, it must do so by way of the procedural mechanisms of the arbitration. Plaintiff may not pursue civil discovery in this stayed district court action.

### 2. MOTION FOR SANCTIONS.

Defendants assert that plaintiff and its counsel should be held in contempt for violating the stay order and should be required "to pay defendants their attorneys' fees incurred in stopping this flagrant violation." Defendants cite 28 U.S.C. 1927 as the authority for their request (Br. 3).

Imposition of sanctions under Section 1927 requires a showing that counsel acted recklessly or in bad faith. *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1128 (9th Cir. 2011). Here, defendants have made no such showing. Plaintiff's decision to issue the subpoena, although misguided, was based upon consideration of the "advice of Bermuda counsel," who appear to have believed that the case was "unprecedented as a matter of Bermuda law" and therefore warranted unprecedented procedural maneuvers (Opp. 3). Sanctions are not warranted on this record. Defendants' motion for sanctions is **DENIED**.

### 3. CASE MANAGEMENT CONFERENCE.

The case management conference currently set for November 17, 2011, was scheduled as a control date to make sure that arbitration was proceeding apace. Because the parties' submissions with the instant motions confirm that the arbitration panel has been selected and arbitration will take place in early December, a case management conference is no longer necessary at this time. The November 17 case management conference is therefore **POSTPONED** to **11:00 A.M. ON FEBRUARY 16, 2012**.

### CONCLUSION

Defendants' motion to enforce the stay order is **GRANTED**. Plaintiff shall withdraw its improper subpoena by **NOVEMBER 1, 2011**. Defendants' motion for sanctions is **DENIED**. The motion hearing previously set for November 17, 2011, is **VACATED**. The case management

3

conference previously set for November 17, 2011, is **POSTPONED** to **11:00 A.M. ON FEBRUARY 16, 2012**.

    If plaintiff seeks third-party discovery as part of the arbitration, it must do so by way of the procedural mechanisms of the arbitration. Plaintiff may not pursue civil discovery in this stayed district court action.

**IT IS SO ORDERED.**

Dated: October 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE